## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Neeraj Chopra<br><br>Defendant. | Crim. No. 19-305 (NEB/BRT)<br><br>**ORDER** |

Julie E. Allyn, Esq., United States Attorney's Office, counsel for Plaintiff.

Ryan Patrick Garry, Esq., Ryan Garry, Attorney, LLC, counsel for Defendant Neeraj Chopra.

This action came on for hearing before the Court on October 2, 2020, at the U.S. Courthouse, 316 North Robert Street, St. Paul, MN 55101. The Defendant presented various pretrial motions, and the Government presented a motion for discovery. Based on the file and documents contained herein, along with the memoranda and arguments of counsel, the Court makes the following Order:

1. **Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2.** The Government seeks disclosure of documents and tangible objects, reports of examinations and tests, and a written summary of expert testimony pursuant to Fed. R. Crim. P. 16(b). The Government also seeks disclosure of any alibi by the Defendant pursuant to Fed. R. Crim. P. 12.1, and all witness statements pursuant to Fed. R. Crim. P. 26.2. In addition, the Government seeks

notice (by the pretrial-motions-hearing date) pursuant to Fed. R. Crim. P. 12.2, if Defendant intends to rely upon the defense of insanity or introduce expert testimony relating to a mental disease or defect or any other mental condition of the Defendant bearing on the issue of guilt. The Government also seeks notice (by the pretrial-motions-hearing date) pursuant to Fed. R. Crim. P. 12.3, if Defendant intends to rely upon the defense of actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the offense. Defendant filed no objection to the motion. Therefore, Defendant is hereby ordered to comply with the discovery and disclosure obligations under the aforementioned rules. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2 **(Doc. No. 20)** is **GRANTED**. The parties must disclose the identity of any non-rebuttal experts and all non-rebuttal expert disclosures **30 days** before trial. Any rebuttal experts must be noticed along with the production of rebuttal expert disclosures no later than **10 days** before trial.

    **2.**    **Defendant's Motion for Suppression of Statement.** Defendant seeks an order suppressing the statement made by Defendant to Special Agent Rensch on April 8, 2019. The Government opposes the motion. The Court requests post-hearing briefing on the issue. Defendant shall file his post-hearing brief no later than **October 30, 2020**, and the Government shall file its response by **November 13, 2020**. The Court will take Defendant's Motion for Suppression of Statement **(Doc. No. 21)** under advisement on **November 13, 2020**, and issue a **Report and Recommendation** to the District Court.

3.     **Defendant's Motion for Early Disclosure of Jencks Act Material.**
Defendant moves for an order requiring the Government's early compliance with the Jencks Act, 18 U.S.C. § 3500, specifically requesting disclosure of Jencks Act material at least two weeks prior to trial. The Government objects to this motion on the grounds that this Circuit has repeatedly held that the government may not be required to make pretrial disclosure of Jencks material. *United States v. Sturdivant*, 513 F.3d 795, 803 (8th Cir. 2008); *see also United States v. White*, 750 F.2d 726, 728–29 (8th Cir. 1984). Because the Jencks Act plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case," Defendant's Motion for Early Disclosure of Jencks Act Material **(Doc. No. 23)** is **DENIED**. Nothing in this Order, however, precludes the Government from voluntary reciprocal exchange of Jenks Act material with Defendant prior to trial as the Government has represented.

4.     **Defendant's Motion to Disclose Impeaching Information and Exculpatory Evidence.** Defendant moves, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, for an order compelling the Government to disclose all evidence favorable to him, including that which can be used to impeach Government witnesses. The Government states that it will comply fully with its obligations under *Brady* and *Giglio*, but it asserts that Defendant's demand for "any psychiatric or emotional disorder" information involving the victim is

3

"overly broad and unsupported." (Doc. No. 40 at 7.) Defendant's Motion to Disclose Impeaching Information and Exculpatory Evidence **(Doc. No. 24) is GRANTED IN PART** and **DENIED IN PART**, and Defendant's Motion to Compel Government to Disclose Evidence Favorable to the Defendant **(Doc. No. 32)** is **GRANTED**. Within **10 days** of the date of this Order, the Government must disclose all *Brady* and *Giglio* information in its possession or of which it has become aware as of the date of this Order and must promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed. Defendant's motions are otherwise denied.

      5.    **Defendant's Motion for Disclosure of Notice of Government's Intent to Use Residual Hearsay Exception Under Rule 807.** Defendant moves, pursuant to Fed. R. Evid. 807, for an order requiring the Government to provide notice of its intent to use residual hearsay at least one month before trial. The Government states that it will fully comply with its obligations under Rule 807, and represents that it will provide notice a week before trial. Defendant's Motion for Disclosure of Notice of Government's Intent to Use Residual Hearsay Exception Under Rule 807 **(Doc. No. 26)** is **GRANTED IN PART** and **DENIED IN PART**. The Government must provide notice of intent to use residual hearsay at least **14 days** before trial.

      6.    **Defendant's Motion for Discovery and Inspection.** Defendant requests an order requiring the Government to produce or permit various items of inspection, copying, and photographing pursuant to Fed. R. Crim. P. 16. The Government represents that it has made all disclosures required under Rule 16, and that it will continue to supplement its disclosures as additional materials come into its possession. Defendant's

Motion for Discovery and Inspection **(Doc. No. 27)** is **GRANTED** to the extent that it conforms to Fed. R. Crim. P. 12, 16, and 26.2 and is not already moot. The motion is **DENIED** to the extent that the Jencks Act protects disclosure, and identification of witnesses shall be done in accordance with the District Court's pretrial order on disclosure of witness and exhibit lists. Within **10 days** of the date of this Order, the Government must disclose all *Brady* and *Giglio* information in its possession or of which it has become aware as of the date of this Order and must promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed.

7. **Defendant's Motion for Early Discovery of Expert Under Rule 16(a)(1)(G).** Defendant seeks an order requiring the Government to disclose a written summary of any expert testimony the Government intends to use at trial. The Government represents that it is fully aware of its obligations under the Fed. R. Crim. P. 16(a)(1)(G) and that it requests providing notice two weeks prior to trial. Defendant's Motion for Early Discovery of Expert Under Rule 16(a)(1)(G) **(Doc. No. 28)** is **GRANTED** to the extent that it conforms to the scope of Rule 16. The parties must disclose the identity of any non-rebuttal experts and all non-rebuttal expert disclosures **30 days** before trial. Any rebuttal experts must be noticed along with the production of rebuttal expert disclosures no later than **10 days** before trial.

8. **Defendant's Motion to Retain Rough Notes and Evidence.** Defendant moves for an order requiring law enforcement agents to retain and preserve all rough notes taken as part of their investigation into this case, and to preserve all evidence seized

in the course of the investigation. The Government does not object to the motion and represents that it has instructed its agents to do so. Defendant's Motion for Government Agents to Retain Rough Notes and Evidence **(Doc. No. 29)** is **GRANTED**. However, disclosure of rough notes is not required by this Order.

    9.    **Defendant's Motion for Disclosure of 404 Evidence.** Defendant moves for immediate disclosure of any "bad act" or "similar course of conduct" evidence that the Government intends to offer at trial pursuant to Fed. R. Evid. 404, and to further direct the Government to identify the basis for the evidence's admissibility and the witnesses through whom such evidence will be presented at trial. The Government objects to immediate disclosure, but represents that it will comply with Rule 404 and that it is agreeable to disclosure 14 days prior to trial. Defendant's Motion for Disclosure of 404 Evidence **(Doc. No. 30)** is **GRANTED** to the extent that the Government must disclose Rule 404 evidence no later than **14 days** prior to trial. Identification of witnesses shall be done in accordance with the District Court's pretrial order on disclosure of witness and exhibit lists.

    10.    **Defendant's Motion for Grand Jury Testimony of Witnesses.** Defendant moves for pretrial disclosure of the grand jury witness testimony. The Government states that it will provide grand jury transcripts for any witnesses it intends to call at the motions hearing or at trial. Defendant's Motion for Grand Jury Testimony of Witnesses **(Doc. No. 31)** is **GRANTED IN PART** and **DENIED IN PART**. To the extent the Jencks Act precludes disclosure, the motion is denied. However, as stated above, nothing precludes

the Government from voluntarily producing the grand jury transcripts of trial witnesses before trial, as it has represented it would do.

  **11.** The voir dire, jury instructions, and trial related motions due date, along with the trial date, are to be determined by U.S. District Judge Nancy E. Brasel.

Date:  October 2, 2020

                     *s/ Becky R. Thorson*
                      BECKY R. THORSON
                      United States Magistrate Judge